## SMITH v. OLDHAM.

One of two payees to a note, may assign all his interest in such note
to the other payee, who may sue as the legal owner of the note.

ERROR to the circuit court of Monroe county.

*S. Kirtley*, counsel for plaintiff, cited:
Stat. Mo. 105, 449; 1 Chit. Plead.; 1 Bibb, 178; 2 do.
471; 2 Lit. 198; Dig. Mo. 626; Stat. Mo. 459, 462.

*U. Wright*, counsel for defendant, cited:
Rev. Code, 105, sec. 2, 3, 4, 5.

TOMPKINS, Judge, delivered the opinion of the court.

Smith sued Oldham, and judgment being given against
him in the circuit court, he comes into this court to re-
verse that judgment. The action was founded on the
statute by petition in debt. Smith, the plaintiff, in the
circuit court and in this court states in the petition that
he is the legal owner of a note on the defendant, to the
following effect: "On or before the first day of," &c., "I
promise to pay Asa and Merril Smith, one thousand one
hundred and twenty dollars," &c., (signed) "A. R. Oldham."
On this note was this assignment made by Asa Smith:
"I assign the within claim that I have to the above note
to Merril Smith." The defendant craved oyer of the note
and assignment, and having spread them on the record,
demurred, and the court sustained the demurrer. The
error assigned by the plaintiff is, that the circuit court
sustained the demurrer. On the part of the defendant
in error, it is contended that part of the amount of a
note cannot be assigned. The act declares that "all
bonds and promissory notes for money or property
shall be assignable," &c.—see Digest of 1835, page 105,
sec. 2. Courts have decided that the payee of an as-
signable note cannot assign part of such an one, so as
to subject the maker to two actions—one at the suit of
the assignee. But when a part of such assignable note
has been paid to the legal owner, it has never been de-

**AUGUST TERM,
1838.**

One of two payees to a note, may assign all his interest in such note to the other payee, who may sue as the legal owner of the note.

nied that the note might under this act be assigned, and that the assignee might sue in his own name for the balance due. The third section of the act seems to contemplate the propriety of such an assignment; for it provides that the nature of the defence of the obligor or maker shall not be changed by the assignment, but that he may make the same defence against the bond or note in the hands of the assignee, that he might have done against the assignor. In this case there were two payees, one of whom assigns all of his interest to the other. The maker of the note sustains no injury by this act of one of the two payees, for he is liable only to the action of that one who is the legal owner of the note. The legislative power, then, having made bonds, notes, &c. assignable, because it was believed that the interests of the community would thereby be advanced, this court is of opinion that, in deciding that one of two payees of a promissory note may assign his interest therein to the other, it pursues the policy of the legislature. The circuit court then, in my opinion, committed error in sustaining the defendant's demurrer to the plaintiff's petition, and such being the opinion of the other members of the court, the judgment of the circuit court is reversed; and the cause remanded to the circuit court for further proceedings therein, conformably to this opinion.