————o————

GEORGE R. WRIGHT, Appellant, vs. CHARLES H. JACOBS, Respondent.

1. *Practice, civil—Action at law—Equitable counter-claim—Note— Partnership debt.*—In an action at law defendant can only plead such claims as will sustain an action at law. Thus, in case of an unsettled partnership, where one member sues another on a promissory note having no connection with the partnership, defendant cannot set up by way of counter-claim, his payment of his co-partner's share of the debt.

2. *Contracts—Gold as commodity—Debt—Discharge of by legal money.*—In making contracts gold may be used as a commodity, and estimated according to its intrinsic value; but in the absence of a special agreement, debts may be paid and contracts discharged in anything that is made legal money.

3. *Practice, civil—Instructions—Pleadings—Quantum of damages.*—An instruction is improper which permits the jury to give a verdict for a greater sum than that asked by the pleadings.

*Appeal from Boone Circuit Court.*

*Gordon & Overall,* for Appellant.

I. One partner cannot maintain an action at law against his co-partner for money paid on account of the indebtedness of the firm. (Bond vs. Bemis, 55 Mo., 524; Scott, Adm'r, vs. Caruth, 50 Mo., 120; Finney vs. Turner, 10 Mo., 208; Murry vs. Bogert, 14 Johns., 318; McKnight vs. McCutchen, 27 Mo., 436.) A joint debt cannot be set off against an individual debt. (Finney vs. Turner, 10 Mo., 208; Lamb vs. Brolaski, 38 Mo., 51; Pool vs. Delaney, 11 Mo., 570.)

II. Legal tender notes and gold are equal in value, in law, and courts can suffer no averment, nor hear any proof to the

contrary. (Henderson vs. McPike, 35 Mo., 255–6 ; Apple vs. Waltham, 38 Mo., 194 ; Riddlesbarger vs. McDaniel, 38 Mo., 138 ; Verges vs. Giboney, 38 Mo., 458.)

*O. Guitar*, for Respondent.

I. The item of $480.00 (the purchase price of respondent's interest in the mules, wagon, etc.) cannot be regarded as " an unsettled partnership demand." So with the item of $736, alleged and proved to have been paid in the working and development of appellant's individual claim. So in regard to the amount claimed to have been paid on judgment of Sutton & Brother.

If, however, this latter item can be treated as "an unsettled partnership demand," it was nevertheless competent for respondent to set it up as a legal defense, for it was certainly the sole unsettled item connected with said supposed partnership. (Byrd vs. Fox, 8 Mo., 574 ; Buckner vs. Reis, 34 Mo., 357 ; Whitehill vs. Schickle. 43 Mo., 537 ; Russell vs. Grimes, 46 Mo., 411 ; Bethel vs. Franklin, 57 Mo., 466.)

II. Legal tender notes are doubtless a legal tender in payment of all debts contracted between individuals. But here the sale of the wagon, etc., was made for $400 in gold, not coin.

WAGNER, Judge, delivered the opinion of the court.

This was an action instituted upon a negotiable promissory note made by the defendant in favor of the plaintiff, for the sum of one thousand dollars, due and payable twelve months after date.

Defendant's answer to the petition contains three counts. In the first count he alleges that at the time the note was executed plaintiff and defendant were co-partners, and the owners of a wagon, harness, four mules and one pony ; that on the day after the execution of the note plaintiff purchased defendant's interest in the wagon, harness, mules and pony, for the price and sum of four hundred dollars in gold, which, with 20 per cent., the rate of premium on gold then existing

Wright v. Jacobs.

in Montana territory where the transaction was had, would be equal to $480, which sum plaintiff agreed to credit on the note, and that he had failed to do so.

In the second count the answer stated, that the firm of Wright & Jacobs was at and after the execution of the note indebted to Sutton & Bro. for lumber, in the sum of six hundred dollars, upon which demand suit was brought and judgment obtained against defendant, which judgment he was compelled to pay, and did pay, and that plaintiff was indebted to him one-half of said sum and interest.

In the third count it was averred that the plaintiff was the owner of a mining claim in the Territory of Montana, and that when he left the Territory he put the claim in the possession and care of the defendant, with instructions to take all necessary steps, to hold, preserve and develop the claim, and to expend such sum or sums of money as might be necessary for that purpose, and that he agreed also to give defendant one-half of the claim and the profits arising therefrom, for his labor, time and services in looking after and managing the claim, and that in pursuance of instructions, he paid, laid out and expended, in taking care of and preserving the claim, the sum of $736 in gold, which was then worth a premium of 20 per cent. over currency, making the aggregate sum of $993.20, which was set up as a counter-claim against the note sued on.

To this answer there was a replication filed, denying all its material allegations. The evidence was conflicting, defendant's testimony going to show the truth of the averments contained in his answer; the plaintiff's testimony in rebuttal being directly to the contrary.

Under the instructions of the court the jury found a verdict in favor of the defendant, for twenty-two dollars and fifty cents.

The objections made in this court, that the plea of payments and the counter-claims set up in the answer should not have been allowed, because only such claims can be pleaded in an action at law as would sustain a legal action, and a part-

ner cannot maintain an action on a firm account, unless there has been a settlement of the partnership affairs, are not tenable. The propositions of law advanced are well settled; but the case here shows beyond all question, that there was a settlement, and the purchase of the wagon, mules, etc., was after the settlement was made.

There was evidence tending to prove that the claim for the purchase of lumber was for a partnership transaction, and that the plaintiff was liable for one-half the amount. The testimony of Gordon shows that the plaintiff admitted such to be the fact, and the whole question was submitted to the jury, under an instruction which was unobjectionable.

In regard to the defense set up in the third count of the answer, it does not appear that it grew out of any partnership transaction. It is not shown that there was ever any partnership in the mine, out of which the liability originated. The allegation is, and there was testimony to support it, that the plaintiff employed the defendant, to take care of, preserve and develop the mine for him, and that he would pay defendant for all sums necessarily expended in that behalf. The claim is for money and expenses incurred in the performance of this undertaking, at plaintiff's instance and request. It is true, that if defendant went on and worked the mine, he was to have a share in it and the profits, but what would have been the partner's relationship in such an event, is a different matter. The whole claim sought to be recovered here, arose entirely from money laid out and expended in the preservation of the mine, in pursuance of plaintiff's request, which was wholly disconnected with any partnership transaction.

The instructions given for the defendant are erroneous. The first tells the jury that if they find from the evidence that defendant expended $736 in the preservation and development of plaintiff's individual claim, and the same was left in charge of defendant for that purpose, and that the amount was expended in good faith, and that the same was necessary for the preservation and development of the claim, then the jury should allow the defendant that amount, with the current premium in gold over currency.

To this instruction there are two objections. The count setting up the demand asks for a premium of 20 per cent. on gold over currency, and the proof all showed that the premium was 30 per cent. This instruction tells the jury to give the current premium, which would authorize them to find for 30 per cent. when only 20 per cent. was asked for or demanded, which would in no case be permissible.

Again the defendant alleges that he laid out and expended the sum of $736 in gold, in taking care of and preserving the mine, and he asks that sum with the twenty per cent. premium be allowed him. But he nowhere avers that there was any contract or understanding that any premium was to be allowed to him, or that there was anything said in reference to the kind or quality of money that was to be used. In making contracts gold may be used as a commodity, and estimated according to its intrinsic value. But if no special agreement is had in this respect, the law knows no difference in values, and debts may be paid and contracts discharged in anything that is made legal money.

The second instruction was to the effect that if the jury found that defendant sold his interest in the wagon, mules, etc., after the execution of the note sued on, for $400 in gold, and that the same was to be credited on the note, then they would allow the defendant the sum of $400 with the current premium on gold.

This instruction is also objectionable, because it permitted the jury to give a higher rate of premium than demanded in the pleadings. But if the jury believe the evidence of defendant to be true, they would be authorized to allow twenty per cent., because it is expressly averred that the parties agreed upon that amount as the value of the gold.

For the error in giving defendant's instructions, the judgment will be reversed and the cause remanded; the other judges concur.