SMITH v. GREGORY, *Appellant.*

| 75 | 121 |
| 143 | 459 |

1. **Promissory Note**: ACTION. The fact that the same person is both co-maker and co-payee in a note, if he assign his interest to the other payee, will not prevent the latter from maintaining an action on the note alone.

2. **Administration**: PROMISSORY NOTE. If one of the administrators of an estate, upon final settlement, accounts in money for the full amount of a note belonging to the estate, and the settlement is accepted and the administrators discharged, the note, by operation of law, becomes his private property.

3. **Promissory Note.** If one of two payees in a note assign his interest in the note to his co-payee, the latter will be entitled to maintain an action upon it in his own name.

*Appeal from Randolph Circuit Court.*—HON. G. H. BURCK-HARTT, Judge.

AFFIRMED.

*M. Y. Duncan* for appellant.

Brown and Smith, executors, could not sue Gregory & Brown, partners, on a note made by the firm to the executors. *Hill v. McPherson*, 15 Mo. 204; Coll. on Part., § 642, and note. The assignment by Brown of his interest in the note to Smith was nugatory. Being at the time co-administrator he could not, as such officer, divest himself of his interest in said note to his co-administrator without at the same time surrendering said office. So long as he was such co-administrator he would of necessity retain his interest in all choses of the estate, and after the attempted assignment the interest would be just what it was before. Having made full settlement of the estate with this note unpaid, the legal interest therein necessarily resulted to Brown and Smith jointly. Brown and Smith might have assigned to Smith, after settlement, so as to have enabled Smith to sue Gregory & Brown, but in no other way could this have been done. 1 Daniel Negot. Instr., §§ 683, 685.

*Isaac W. Boulware* for respondent.

After the administrators had accounted to the estate for the note sued on, had made final settlement of said estate and been discharged, the note became their absolute property, and either of the payees had the power and right to transfer the interest he had in the note to his co-payee. *Smith v. Oldham*, 5 Mo. 483; *Cook v. Holmes*, 29 Mo. 61; *Henderson v. Henderson*, 21 Mo. 379; *Shore v. Coons*, 24 Mo. 553; *Thomas v. Relfe*, 9 Mo. 373; *Lacompte v. Seargent*, 7 Mo. 351; *Jeffries v. McLean*, 12 Mo. 538. One of two payees may assign all his interest in the note to the other payee, who may then sue. 22 Mo. 347; 5 Mo. 483. Although Brown, one of the payees in the note, was a member of the firm of Gregory & Brown, the makers of the note, yet Smith, one of the co-payees and assignee of Brown, can sue at law on the note. *Kipp v. McChesney*, 66 Ill. 460; *Sherwood v. Barton*, 36 Barb. 284; *Smith v. Lusher*, 5 Cow. 688; *Davis v. Briggs*, 39 Me. 304; *Sidlin v. Williams*, 11 Cush. 108; *Thayer v. Buffum*, 11 Met. 108; *Pitcher v. Barrows*, 11 Pick. 361; *Temple v. Seaver*, 11 Cush. 314; *Young v. Chew*, 9 Mo. App. 387.

RAY, J.—This suit was brought upon the following promissory note, to-wit:

" One day after date, we promise to pay J. W. Brown and J. W. Smith, administrators of the estate of W. H. Smith, deceased, $650.00, for value received, negotiable and payable without defalcation or discount, with interest from date, at the rate of ten per cent until paid. September 1st, 1873.

"(Signed)     GREGORY & BROWN."

On which was the following indorsement, to-wit:

" For value received, I assign and transfer to J. W. Smith my right, title, claim and interest in and to the within note drawn by Gregory & Brown.

(Signed)     J. W. BROWN, one of the Administrators of W. H. Smith deceased."

The suit was originally brought in the Callaway circuit court, but afterward, by change of venue, transferred to and tried in the Randolph circuit court. The amended petition, upon which the case was tried, charged that Wm. H. Smith, late of Callaway county, departed this life intestate, in August, 1871; that the plaintiff Smith and defendant Brown were duly appointed administrators of his estate in October, 1871; that they qualified and entered on the discharge of their duties as such; that on the 1st day of September, 1873, the defendants, who were partners in trade, and constituted the firm of Gregory & Brown, by their firm name made, executed and delivered to said administrators their said promissory note, as above set out, by which they promised, for value received, to pay said administrators the sum of money as therein mentioned and described; that in August, 1874, said administrators made final settlement of their administration of said estate, and were, thereupon, duly discharged; that the plaintiff Smith prior to said final settlement, and out of his own private means, had accounted to said estate for said promissory note, and all interest thereon; that said J. W. Brown, for value received, assigned and transferred to the plaintiff all his right, title, interest and claim in and to said note; that the plaintiff now is, and ever since said assignment, accounting and final settlement of said estate, has been the legal holder and owner of said promissory note; and that the same and all interest thereon yet remains due and owing to this plaintiff, and for which he asks judgment against said defendants, and costs of suit, etc.

To this petition, the defendant Gregory filed his separate answer, denying that defendants, by their firm name, executed the note sued on, or that he made or authorized any person to make the same; and further denying each and every allegation therein. And for a further answer he says that said note was not made with his knowledge or consent; nor in settlement of any transaction within the scope or contemplation of said partnership of said firm

of Gregory & Brown; nor was it made during the existence of said partnership, but long after its dissolution, as plaintiff well knew; and further, that it was made in payment and settlement of the individual debt of said defendant Brown, and for moneys he had collected as administrator of said estate of W. H. Smith, deceased, as plaintiff, his co-administrator, well knew at the time he received it from said Brown, by virtue of said assignment, as well as the date thereof.

To this answer plaintiff replied, denying all its allegations. Defendant Brown made no defense.

At the trial of the cause before a jury, the evidence showed that in October, 1871, the plaintiff, J. W. Smith, and defendant, J. W. Brown, were duly appointed administrators of the estate of W. H. Smith, deceased; that they accepted the trust and entered upon the discharge of its duties, and that in August, 1874, they made final settlement of their administration of said estate, and were, thereupon, duly discharged. It also appeared that in 1871 the defendants had formed a partnership, under the firm name of Gregory & Brown, for the purpose of selling merchandise and dealing in produce; that the partner Gregory furnished the means, and the partner Brown did the business; that in March, 1873, the firm sold out their store, but continued their partnership business, in dealing in leaf tobacco, until November or December, 1873; that after the sale of their store in March, 1873, and for the purpose of continuing their partnership operations in leaf tobacco, the partner Gregory furnished the partner Brown between $2,000 and $3,000, and told him, if they needed more, they would have to borrow it. It further appeared that Brown, as one of the administrators of said Smith's estate, had collected funds of said estate, and deposited them with the firm of Gregory & Brown, and charged the same to said firm, on its books, and that he, also, as occasion required, paid off claims, due by said estate, with the funds of Gregory & Brown, and kept account thereof on the books of

said firm; and that the firm of Gregory & Brown had used the funds of said estate, so collected and deposited, in their partnership operations, in dealing in leaf tobacco; and that the promissory note in question was given for the balance of the funds of said estate, as used by said firm in their partnership operations, as aforesaid; the partner Brown testifying that he had authority from his partner Gregory so to use said funds and to execute said note therefor. It also appeared that plaintiff Smith, out of his private means, had accounted to said estate of W. H. Smith for the full amount of said note and interest, in said final settlement of said estate, said plaintiff also testifying that some time in October, 1873, he called on the defendant, Gregory, and told him he held said note, and wished to make final settlement of said estate in November, 1873; but that Brown said it would not be convenient for Gregory & Brown to pay the note, and that he further told Gregory that if it would be all right, he would pay the amount out of his private means and hold the note; and that Gregory said, if Brown had made the note of Gregory & Brown, it would be all right. Plaintiff further testified that he thereafter, out of his private means, accounted for said note, to said estate, in his said final settlement, and obtained the said assignment thereof from his co-administrator, for value.

The defendant Gregory testified, that he had no knowledge of the use of said funds belonging to said estate, in said partnership operations; that he never authorized or consented to their use; that said transaction was outside the scope of said partnership business; that after the sale of their store in March, 1873, he only authorized dealing in leaf tobacco, when one of their customers chose to do so in settlement of his account; that said note was not given until after the dissolution of said firm of Gregory & Brown, and was made by said Brown without authority and in settlement of his own individual debt; said defendant also denied the alleged conversation between

him and plaintiff, as testified to by the plaintiff. There was also other testimony given at the trial, tending, in a general way, to prove the several issues on both sides.

At the close of the testimony, the court, against the objections of the defendant, gave the following instructions for plaintiff, to-wit: 1. If the jury believe from the evidence that J. W. Brown executed said note in the name of Gregory & Brown, for a debt owing by the firm of Gregory & Brown, and the consideration for which said note was given, was applied to and used for the benefit of said firm during the partnership, they will find for the plaintiff.

2. If J. W. Brown assigned and delivered said note to plaintiff, he is the proper person to sue for the same.

3. If defendant Gregory had knowledge of the existence of said note, and, before plaintiff purchased the same, told plaintiff that it was all right, and plaintiff was then induced to purchase the same, he cannot now deny plaintiff's right to recover herein on said note.

4. If the jury believe from the evidence that Gregory & Brown were partners, trading and doing business as merchants, or in buying tobacco, and while so engaged as such partners, the note was executed by Brown, one of said partners, for the benefit of said firm or for money used in the business of said firm, they will find for plaintiff.

5. If defendant Gregory had knowledge of the existence of the note sued on and told plaintiff, before he purchased the same, that it was all right if Brown signed the firm name to it, and they find that Brown did execute the note in the firm name of Gregory & Brown, and plaintiff was thus induced to purchase the same, defendant Gregory cannot now deny plaintiff's right to recover herein on said note.

6. If the jury believe from the evidence that the note was, for value, delivered to the plaintiff, the title to the same passed from the date of the delivery, and plaintiff's

rights are not prejudiced from the fact that it may have been assigned after such delivery.

7. If defendant Brown borrowed the money and used it for the benefit of the partnership, he had the right, as a member of the firm, to execute the note of the partnership for the same without any special authority from defendant Gregory so to do, during the existence of the partnership.

8. If they believe from the evidence that Brown executed the note by authority of Gregory, they will find for plaintiff.

9. If the jury believe from the evidence that the note was signed by Brown in the name of Gregory & Brown, without the knowledge or consent of Gregory, yet if they further find that Gregory afterward ratified it, they will find for plaintiff.

The court, at the instance of defendant, gave the following instructions, to-wit: 1. If the note here sued on was executed by defendant Brown, without the knowledge or consent of defendant Gregory, in payment of money due the estate of W. H. Smith, and which had come into the hands of said Brown as administrator, the said Brown, being one of the payees of said note, took the same with full knowledge that said note was not given for any transaction within the scope of said partnership, and was a fraud upon said firm, and the plaintiff having received said note by assignment from said Brown, his co-administrator, after its maturity, took the same with full knowledge of the fraud, and that said note is not binding on said firm, and the jury will find for defendant Gregory.

2. If the note here sued on was executed by defendant Brown, one of the partners of said firm, without the knowledge or consent of defendant Gregory, the other member, and after the dissolution of the firm, the jury will find for defendant Gregory, unless he afterward ratified it.

But the following instructions, asked by defendant, were refused, to-wit: 3. One partner cannot make a con-

tract outside the scope of the partnership so as to bind the other members, and if the jury shall believe from the evidence that the note here sued on was given for money deposited with J. W. Brown by plaintiff, they will find for defendant.

4. Although the jury may believe from the evidence that after defendants made sale of their stock of goods to Washington & Leavell, said firm did buy tobacco in settlement of debts due them and in order to wind up their partnership business, yet such buying did not create a new partnership, but was only a means used by said firm for settling their business, and the jury will find for defendant Gregory.

5. If the jury believe from the evidence that J. W. Brown was, at the time the note was executed, both a member of the firm of Gregory & Brown and also co-administrator with plaintiff Smith, of the estate of W. H. Smith, deceased, and that said note was not assigned by said Brown to plaintiff until after the dissolution of the firm of Gregory & Brown, they will find for defendant Gregory.

6. Although the jury may believe from the evidence that defendant Brown, as one of the co-partners and the business manager of the firm of Gregory & Brown, acting in the name of said firm, received on deposit from defendant Brown and plaintiff Smith, administrators of the estate of W. H. Smith, deceased, or collected on claims due said administrators, the money described in plaintiff's petition, and used it in the business of said firm, they will find for defendant Gregory, unless they find from the evidence that the note described in said petition was executed and delivered by defendant Brown to said administrators before the dissolution of the firm of Gregory & Brown, and in addition thereto one of the following facts, to-wit: Either that the collection of claims and receiving of money on deposit were within the scope of the business of said co-partnership, or else that defendant Gregory consented to or had knowledge of such collection of claims and reception of said money on deposit at the time thereof, or unless they

further believe from the evidence that defendant Gregory consented to or had knowledge of the execution and delivery of said note by defendant Brown to said administrators at the time thereof, or that he afterward consented to or ratified it.

The jury found the issues for the plaintiff, and judgment was rendered accordingly. The defendant Gregory, after an unsuccessful motion for a new trial, brings the case here by appeal.

Such is the record in this cause. The jury are the proper triers of the facts of a case; and when, as in this case, there is evidence, on both sides, tending to prove the respective issues, in support of which it is offered, the settled rule of this court is not to disturb their finding, unless there has been some error of the court in its rulings in the progress of the trial, or in the instructions, materially affecting the case, to the prejudice of the appellant. We will, therefore, limit our inquiry to the latter question, and see if any such error is apparent in this record.

The recent case of *Faulkner v. Faulkner*, 73 Mo. 327, in some respects, is very much like the case at bar. The 1. PROMISSORY following is a copy of the note sued on in NOTE : action. that case:

St. Louis, Mo., October 1st, 1875.

One year after date, I promise to pay to the order of J. D. Faulkner and C. C. Bland, executors, $4,500, for value received, with interest from date, at the rate of ten per cent per annum, at the Security Bank. If interest is not paid annually, same to be added to principal and bear the same rate of interest.

(Signed) J. D. FAULKNER.
D. W. FAULKNER.
H. M. NOEL.
ALEX. DEMUTH.

The suit, as originally brought, was in favor of the payees therein, and against all the makers; but in the prog-

ress of the trial, it was dismissed as to the defendant J. D. Faulkner, who was one of the plaintiffs, and also one of the makers and payees of the note. At the trial of that suit, it was objected that the note in question was incompetent to show any liability on the part of the defendants to that action. In the disposition of that case, the court had occasion to consider and discuss questions growing out of the position and relation of the parties to that instrument, which, in some respects, are kindred to those arising in this case. In that case, the court, speaking through SHERWOOD, C. J., uses this language : "The authorities for defendants abundantly show that a party, bound in a contract with others whereby he becomes both obligor and obligee, cannot maintain, on said contract, an action at law ; cannot, in a word, sue himself. This principle, however, does not apply, even at common law, except where the contract is joint, and not where it is (as are all contracts in this State) both joint and several. Thus, where an action was brought by A and B, payees of a joint and several note, against C, one of the makers, and it was pleaded that said note was made by B, one of the plaintiffs, the defendant and another ; and upon argument, the case of *Moffatt v. Van Millengen*, 2 Bos. & P. 124n, and other similar cases, were discussed, and the plea was held bad. This was upon the ground that the cases just cited were distinguishable from that one ; that the contract sued upon was the several contract of the defendant, and the fact that there was also upon the instrument a joint contract by the makers, was no defense ; that practically, there were three promissory notes, signed by three different parties ; and that the note declared on, was not that signed by the plaintiff, Smith ; but that signed by the defendant. But it was freely conceded then, that if the note were merely a joint contract, it would not be enforcible at law. *Beecham v. Smith*, E. B. & E. 442. To the same effect are *Winter v. White*, 1 Brod. & Bing. 350 ; *Bedford v. Benton*, 1 Bing. (N. C.) 399 ; Leake on Cont., 440. Testing the case at bar by

the rule just announced, no question can arise but that the note in suit, being the joint, as well as several contract of each and all whose names are signed thereto, an action is maintainable in favor of the plaintiffs, and against defendants even at law."

In the case at bar, as we have seen, the partnership firm of Gregory & Brown appeared as the makers of the note in suit, which was payable to J. W. Smith and J. W. Brown as administrators of the estate of W. II. Smith, deceased. Brown was both maker and payee in the note; but not a party plaintiff to the action; having, prior to its institution, transferred by assignment to his co-payee, the plaintiff, whatever interest, if any, he had therein. The evidence, as we have seen, showed that there had been a final settlement of said estate of said Smith, and that said administrators had been fully discharged from said administration before the suit was brought. The evidence, as before remarked, also tended to show that some time prior to said final settlement, and preparatory thereto, an arrangement was made between said Smith, (the plaintiff and one of said administrators,) and the said firm of Gregory & Brown, and for their accommodation, by which said Smith out of his own private funds, accounted to said estate for the full amount of said note, and by which also, he held the note thus accounted for in said final settlement.

At the trial, defendant Gregory objected to the introduction of this note in evidence, on the ground that but one of the payees therein was party plaintiff, and for the reason that the same was irrelevant and incompetent; and also, for the further reason, that an assignment, by one administrator to his co-administrator, of a note made to them jointly, as such, was a nullity and passed no interest. But the court overruled these objections. These objections, we think, under the facts of this case, were not well taken.

After the plaintiff, Smith, had accounted to said estate for the full amount of said note, as stated, and after said

2. ADMINISTRATION: final settlement had been so made, and the
promissory note. administrators discharged, as aforesaid, the
note in question, by operation of law, became the private
property of the plaintiff, Smith, divested of its fiduciary
qualities, and he had a clear right to bring and maintain
this action.

Besides that, it has frequently been held that one of
two payees in a note may assign all his interest in said note
3. PROMISSORY to his co-payee, who may sue as the legal
NOTE, owner of the note. *Smith v. Oldham*, 5 Mo.
483; *Canefox v. Anderson*, 22 Mo. 34$. The defendant
Brown made no defense to the action—was a witness in
the cause—does not join in this appeal, and is not here
complaining of this judgment. Under all the circum-
stances of the case, the verdict and judgment seem to be
for the right party, and as no error materially affecting the
rights of the appellant, to his prejudice, appears in the
rulings of the trial court, its judgment is affirmed. All
the judges concur.