CALDWELL, Respondent, v. DISMUKES, Appellant.

**St. Louis Court of Appeals, March 21, 1905.**

1. **PARTNERSHIP:** Check of Firm Payable to Partner. A check of a partnership, drawn by one partner, for a sufficient consideration, in his own favor, is the several contract of each partner and the assignee of such check may maintain suit against the individual partners.

2. **CHECKS:** Endorsement After Dishonor. A check which was endorsed and negotiated after dishonor was not subject to any other equities than such as were connected with the paper itself, and in an action on such check, given for a sufficient consideration, against the drawers, where no offset was pleaded and nothing shown to impeach or invalidate it, the fact that it was stale and dishonored was no defense.

Appeal form St. Louis City Circuit Court.—*Hon. Horatio D. Wood*, Judge.

AFFIRMED.

*Joseph Wheless* for appellant.

The suit is by Caldwell, assignee for collection of Michael, against Michael himself and his partner, Dismukes. It is the same as if the suit were entitled Michael v. Dismukes & Michael. A man cannot sue himself, and a partner cannot sue himself and his other partner. Willis v. Barron, 143 Mo. 457, 45 S. W. 289; Bambrick v. Simms, 132 Mo. 48, 33 S. W. 445; Knaus v. Givens, 110 Mo. 58, 19 S. W. 535; Lyons v. Murray, 95 Mo. 23, 8 S. W. 170; Laney v. Fickel, ·83 Mo. App. 60; Hardware Co. v. Mayer (Mo.), 83 S. W. Rep. 1008.

*Clinton L. Caldwell* for respondent.

(1) Negotiable paper indorsed after maturity is subject only to such equities as are connected with the paper itself, and not to such as grow of independent and and distinct transactions between the orignal parties. Knaus v. Givens, 110 Mo. 58, 19 S. W. 535.

(2) Contracts joint only by common law are joint and several, and suits may be prosecuted against any one or more of those who are so liable. Revised Statutes 1899, secs. 889 and 892.

(3) A copartner payee in negotiable paper issued by his firm may maintain an action thereon against his copartners. Willis v. Barron, 143 Mo. 450, 45 S. W. 289.

(4) An unsettled partnership account can not be pleaded as a counterclaim.

STATEMENT.

This cause was submitted to the court sitting as a jury, on the following agreed statement of facts, to-wit:

"That the defendant Dismukes was jointly sued in the justice court with one F. D. Michael, as Dismukes & Michael, on a check in the sum of $215.12, dated May 2, 1904, and signed in the firm name of Dismukes & Michael; the said Michael entering his appearance and confessing judgment in favor of plaintiff for the amount sued for, and the cause proceeding against the defendant Dismukes alone, who appeals from the judgment of the justice rendered against him.

"That the defendants, Dismukes and Michael, were and are copartners in the business of conducting the Midland Hotel in St. Louis; said partnership having been formed about April first of this year to continue during the time of the World's Fair Exposition, and said partnership is yet in continuance and the accounts

between said parties are yet current and unsettled. That according to the parol terms of the partnership contract, the defendant Dismukes did pay in and invest in the said business something over $5000 in cash; the said defendant Michael contributed no capital except his services and experience in conducting the hotel business; certain other terms of said partnership which are in dispute between said partners, not being material to this suit and are not affected by this stipulation, but are reserved for adjustment between the immediate parties in interest upon the settlement of the partnership business.

That on May 2, 1904, the date of the check sued on, the defendant Michael for sufficient consideration drew the check of the firm, in his own favor and to his own order, for the said sum of $215.12, the same being the same check here in suit and signed the firm name to said check. There not being at the time any fund of the partnership in bank sufficient to pay said check said Michael held the same in his possession for several weeks, and never presented in to the bank for payment.

"About June first said Michael being indebted to plaintiff Caldwell in the sum of about $1500 by reason of sundry notes executed by him and bought up by plaintiff, plaintiff demanded payment of same by said Michael. Plaintiff was at that time and yet is the attorney for said Michael and knew all the facts in regard to the issuing of the said check now in suit. Michael thereupon indorsed and turned said check, about June 1st, over to plaintiff, telling him there were no funds in bank to pay it, but that if plaintiff would hold it until about August 1st and then present it, it would likely be paid. Plaintiff thereupon took said check on the conditions as above, as further security for the payment of said notes, and with the understanding that the amount of the check would only be credited to said Michael in the event that said check was paid; and plaintiff has not at any time given credit to said Michel on his indebtedness to plaintiff for the amount of said check, nor

has the note indebtedness of said Michael to said Caldwell, referred to above, been paid.

"About August 1st, plaintiff presented said check to the Mechanics National Bank, on which it was drawn, and it was rejected for the reason that there was no funds to pay it. Plaintiff did not indorse said check in presenting same at the bank. On August 8th, plaintiff filed this suit. "

No declarations of law were asked or given. The court found for plaintiff. Defendant appealed.

BLAND, P. J. (after stating the facts).—Appellant contends that the suit is the same as if it were entitled Michael v. Dismukes & Michael and that Michael cannot sue himself.

In Knaus et al. v. Givens, 110 Mo. 58, 19 S. W. 535, the notes sued on were payable to W. A. Dudgeon and were executed by W. A. Dudgeon & Co. Plaintiffs were the indorsees of the notes. It was held that while W. A. Dudgeon, being a member of the partnership of W. A. Dudgeon & Co., who executed the notes, could not maintain an action at law against the firm, no such infirmity attached to the indorsees.

In Willis v. Barron, 143 Mo. 450, 45 S. W. 289, it was held that a note signed by a firm, payable to one of the partners for money loaned by him to the firm, is the several contract of each partner and is an individual, not a partnership transaction, and that one of the partners could not dispute the validity of the contract, nor could an unsettled partnership account be pleaded as an offset to the note.

The check sued on, according to the agreed statement of facts, was given for a sufficient consideration moving from Michael to the partnership of Dismukes & Michael. On this admission, the case is not distinguished from Knaus v. Givens and Willis v. Barron, supra. Appellant further contends that the check was stale and dishonored at the time it was assigned to plaintiff.

Granted: the check was negotiable paper and its indorsement after maturity and dishonor did not subject it to any other equities than such as were connected with the paper itself. Knaus v. Givens, supra. The check was given for a sufficient consideration, no offset was pleaded and nothing was shown to impeach or invalidate it.

The judgment is affirmed. All concur.