### In re A. V. WILLS & SONS.
### STERNBERG v. CANAVAN.

Circuit Court of Appeals, Seventh Circuit.
November 22, 1928.

No. 4044.

S. Mayner Wallace, of St. Louis, Mo., for appellant.

T. A. O'Connor, of East St. Louis, Ill., for appellee.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Appellant filed a claim against the bankrupt estate of A. V. Wills & Sons for $7,336.50 and sought its allowance as a preferred debt. The issues were referred to a master, who found for appellant. The District Court approved the allowance of the claim, but denied to it any preferential status.

Claimant and the bankrupt attempted to form a copartnership whereby they jointly agreed to take over and carry out a ditching contract previously entered into by A. V. Wills & Sons, a copartnership, the predecessor of bankrupt, with the Cache River drainage district of Arkansas. Each of the parties to the new partnership, known as the Cache River Dredge Company, advanced $19,170.73. Much work was done under the ditching agreement, and the drainage district made payments at various times to bankrupt. Of this sum thus paid by the drainage district, bankrupt retained $10,-450 and claimant brought suit in the District Court of the United States to compel bankrupt to deposit this sum in the National Bank of Commerce in St. Louis as provided by their copartnership agreement.

In March, 1924, a decree was entered directing the payment of said sum of $10,450 to the partnership account. Notwithstanding this decree of the court, A. V. Wills & Sons failed to deposit all moneys received, or, if it did deposit the money, it subsequently withdrew various sums. Subsequently the contract work was completed and the debts of the partnership discharged. No profits were made out of the undertaking A. V. Wills & Sons was thereafter adjudicated a bankrupt.

There is no reason for setting forth the figures which show the amounts due claimant, for on this appeal they are not in dispute, and there is no controversy save as to claimant's right to a preference for the claim as allowed. The District Judge, in disposing of this question, said:

"The special master found as a conclusion of law that the money in question retained by the bankrupt and not paid over into the joint account never became part of the assets of the bankrupt, but was the money of the Cache River Dredge Company and the trustee therefore has no title or interest in the one-half thereof which belongs to Sternberg. The court cannot agree with this conclusion. The bankrupt was under a moral and contractual obligation to pay the money over into the joint fund. On the other hand, the bankrupt had the contracts with the drainage district and took title to

the money when paid over to it by the drainage district, subject to its obligation under the contract to pay it over to the joint fund. It became a debtor to the joint account and consequently, stands as a debtor to the claimant for the amount of his claim. The title to the money never left the bankrupt as he never paid it over into the joint account. The most that could be said is that under the agreement the bankrupt was trustee of the fund collected for the joint account and therefore now stands in a trust relationship to Sternberg for one-half of the amount retained. Even so, under the proof in the case, no effort was made to trace the money retained by the bankrupt to any definite fund or property in the hands of the bankrupt or trustee, and therefore, cannot be reclaimed as trust money.''

Section 64 of the Bankruptcy Act deals with debts having priorities. Plaintiff's claim, if entitled to recognition, must come under subsection 5, section 64b, 11 USCA § 104(b) (5), which reads: ''Debts owing to any person who by the laws of the states or the United States is entitled to priority.''

Appellant has not suggested any law of the state of Illinois or of the United States which would support the allowance of his claim as a preferred debt. Yet admittedly to sustain this appeal appellant must find some such basis for support of his position. The decree which the district court entered before proceedings in bankruptcy were instituted merely directed the bankrupt to deposit certain moneys in a certain account in a bank in St. Louis pursuant to the agreement of the claimant and bankrupt. It fell far short of establishing a lien in claimant's favor for the amount of his claim.

Claimant and the bankrupt were operating under a partnership agreement which it now appears was void. Bishop v. American Preservers' Co., 157 Ill. 284, 41 N. E. 765, 48 Am. St. Rep. 317; C. & A. Ry. Co. v. Mulford, 59 Ill. App. 479; Marine Bank v. Ogden, 29 Ill. 248; Willis v. Barron, 143 Mo. 450, 45 S. W. 289, 65 Am. St. Rep. 673.

The court, in the earlier equity suit, assuming the agreement was binding, directed one of the members of the partnership to deposit the partnership cash in the bank which the parties had designated. The failure of such member of the partnership to comply with this order is not the basis of claimant's claim. Bankrupt could not have defeated plaintiff's claim by depositing the cash in the designated bank. True, upon bankrupt's refusal to comply with the

court's order it might have been punished for contempt or claimant, might have brought suit to dissolve the partnership— assuming there was a valid partnership in existence. But plaintiff's claim here relied upon was not predicated upon the decree entered in the previous suit. The decree neither secured the claimant's debt nor made it a lien upon the bankrupt's property. Claimant's debt arose out of the advancement of moneys to a joint enterprise or attempted partnership consisting of two members—claimant and the bankrupt. The bankrupt withheld money belonging to the joint enterprise and upon the dissolution of such joint enterprise became indebted to claimant. But we find nothing in these facts that would justify us in giving this claim preference over the other debts of bankrupt.

The decree is affirmed.