[ *115 ]        *BANK OF SANDUSKY *vs.* SCOVILLE, BARTON & MOONEY.

Where a bank discounts a note to *extinguish* a debt due to it from the holder, or the proceeds are applied *towards discharge* of his liability, such acts are equivalent to *paying value at the time*, and constitute the bank, holders for valuable consideration.

THIS was an action of *assumpsit*, tried at the Erie circuit in January, 1839, before the Hon. NATHAN DAYTON, one of the circuit judges.

The action was on a note for $500, dated May 11, 1837, made by the defendant *Scoville*, payable sixty days after date, at the Bank of Buffalo, to the order of the defendant *Barton*, and endorsed by him and the defendant *Mooney*. The defence was *usury*. It was an accommodation note, which had been discounted at an usurious rate of interest by *Henry D. Ward*, a broker in Buffalo, and by him negotiated to the plaintiffs. Ward, in his deposition, testified that he passed the note to, and it was discounted by the plaintiffs, in June, 1837, to extinguish a debt due by the witness to the plaintiffs : and again he said the note was discounted by the plaintiffs for his benefit, and the avails went so far to discharge his liability to them. The plaintiffs had no knowledge of the usury. The judge ruled that the plaintiffs were *bona fide* holders, and entitled to recover. Exception. Verdict for plaintiffs. Defendants move for a new trial.

*S. Stevens*, for defendants.

*A. Taber*, for plaintiffs.

*By the Court*, BRONSON, J. The note was transferred before the usury act of 1837 took effect ; the plaintiffs received it in good faith, without any

New-York, May, 1840.—Bank of Sandusky v. Scoville.

notice of the usury, and the only question is, whether they paid a valuable consideration. 1 *R. S.* 772, § 5. It think they did. It is not the case of a note received in security for a precedent debt, without parting with any thing at the time. The note was *discounted* by the plaintiffs for the benefit of Ward, to *extinguish* his debt and the avails went to *discharge* his liability to the *bank. I cannot understand this language as [ *116 ] meaning less than that the proceeds of the note were actually applied to the use of Ward. It is the same thing, substantially, as though Ward had first received the money and then paid it over to the plaintiffs, or, indeed, to any other creditor. If Ward's liability was discharged—his debt extinguished—it is impossible to deny that the plaintiffs, in effect, parted with their money, and that Ward received it. In *The Bank of Salina* v. *Babcock and others*, 21 *Wendell*, 499, the old notes were *charged over* and *cancelled* by the bank ; and although not actually given up, we held that the bank was a bona fide holder for value of the new note which had been discounted to take up the old ones. The principle of that case is, I think, decisive in favor of the plaintiffs.

We were referred by the counsel for the defendants to the case of *The Ypsilanti Bank* v. *Martin and others*, decided on the argument at July term, 1839. I have looked into the papers in that case, aad it does not appear that the bank had parted with the proceeds of the note, by either paying over the money to *Stevens & Co.*, or applying it in *satisfaction* of their debt. We thought the plaintiffs had not made out, that they had *in any way* paid value for the note, and on that ground the report of the referee was set aside.

New trial denied.