By the Court. Hoffman, J.
The statute applicable to this case provides, that notes made payable to the order of the maker thereof, or of a fictitious person, shall, if negotiated by the maker, have the same effect, and be of the same validity, as against the maker, and all persons having knowledge of the facts, as if payable to bearer: (1 R. S. 768, § 5.)
This act was intended effectually to remove the difficulty in making title, when a note was drawn in favor of a fictitious person, and to treat a note in favor of the maker, unendorsed, as equivalent to one to a fictitious payee. (Plets v. Johnson, 3 Hill, 112.)
In Smith v. Lusher (5 Cowen, 711), Golden, Senator, observed: “ Often bills are made payable to and drawn upon the makers themselves; and very often bills are made payable to fictitious payees. These bills may be mere waste paper until they are negotiated; but the moment they are endorsed, they become efficient securities in the hands of the endorsees.”
And in the course of the argument, the same Senator put the question to counsel—“ What would you do with a note drawn by yourself and payable to yourself?” The answer was—“ It would be waste paper.” “ But,” replied the Senator, “ you pass it away.” The law of the statute is comprised in these brief sentences.
The Revisers observe, that the provision in question is in conformity with the existing law.
A long series of cases, commencing with Tatlock v. Harris (2 T. R. 174), settled, that a bond fide holder of a bill, drawn in favor of a fictitious person, and endorsed in that name by the drawer, might recover it against the acceptor. Where the acceptor knows the facts, the bill is, in truth, payable to bearer. (Chitty on Bills, 158, and note.)
A note drawn in favor of the maker is, in fact, drawn in favor of a fictitious payee, as far as any additional security is concerned. It should be equally treated as payable to bearer.
The note in spit, in the hands of a bona fide holder, is to be *206 regarded precisely as if the makers had endorsed it, provided they negotiated it. And we consider that a note is negotiated within the statute, when it is delivered out by the maker for a consideration received, or agreed to be received, or delivered for circulation; and when, had it been actually endorsed, it would have possessed the character of negotiability. The note in question was certainly negotiated in this sense.
In Stevens v. Strang (2 Sandf. S. C. R. 138), a note was given by Benjamin H. Strong & Co. to the order of Ebenezer Stevens & Sons. There was no such firm in existence. It had ceased twelve years before, by the death of the father, Ebenezer. But there was a firm of Ebenezer Stevens’ Sons. Proof was allowed of the consideration of the note being a sale of brandy to the makers by the plaintiffs. It was held to be a negotiation within the statute.
In the case of Brouwer v. Hill (1 Sandf. S. C. R. 648), the Court noticed an objection, that the legal title was not in the company, the note being payable to the maker’s order, and not being endorsed, and say: “ If it were delivered to the Company as an 'operative and valid security, the title and the property in it became vested in the company.” The receiver was held entitled to recover.
And upon the point of consideration, the case of Deraismes v. The Merchants' Mu. Ins. Co. (1 Comstock, 371), is decisive. A note like the present is a statutory security, independent of consideration ; and if that was necessary, the obligation upon the company, and other circumstances, afforded ample consideration to support it.
Without entering upon the question not arising in the case, how far the contract would have been available, had the note remained in the Company’s hands, and whether it was not capable of being rescinded at any time, except for premiums earned, we are satisfied that it was negotiated within the statute. And we are also satisfied that the plaintiffs, as bona fide holders, are entitled to recover the whole amount, however small may have been the amount of risks undertaken for the makers. There is no evidence that the notes were discounted for unwarranted purposes. There is nothing to charge the plaintiffs with any knowledge of a misapplication, even if such misapplication in fact existed.
The judgment must be affirmed, with costs.