THE IRVING NATIONAL BANK, Respondent, v. WILLIAM L. ALLEY et al. Appellants.

Under the provision of the statute (1 R. S., 768, § 5), providing that promissory notes made payable to the order of the maker, or of a fictitious person, if negotiated by him, shall have the same validity, as against him and "all persons having knowledge of the facts, as if payable to bearer," the facts of which a person must have knowledge in order to give the note efficacy as against him, as if payable to bearer, are simply that the note is payable to the order of the maker or of a fictitious person.

A note payable to the order of the maker, therefore, as against an accommodation indorser having knowledge of this fact, is to be considered as if payable to bearer; and is valid, although negotiated without the indorsement of the payee.

*It seems*, that such an indorser, as against a *bona fide* holder, would be estopped from denying knowledge for the purpose of defeating the note; as the fact appears in the note, and he will not be permitted to say that he did not read or know the contents of the instrument signed by him.

(Submitted December 19, 1879; decided January 13, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was upon a promissory note made by defendants.

The facts appear sufficiently in the opinion.

*Sidney S. Harris*, for appellants. Before the statute respecting notes, made payable to the order of the maker, such a note as that in suit could not be negotiated so as to make the second indorser liable without indorsement by the payee, and his assuming the responsibility of first indorser. (*Raynor* v. *Hoagland*, 39 Superior Ct., 11; *Stoddard* v. *Penniman*, 108 Mass., 366; *Lancaster National Bank* v. *Taylor*, 100 id., 108; *Hedges* v. *Seely*, 9 Barb., 214; *Harcop* v. *Fisher*, 10 C. B. [N. S.], 196; *Smith* v. *Lusher*, 5 Cow., 688; *Titcomb* v. *Thomas*, 5 Greenl., 282; *McPherson* v. *Thoyter*, Peake's N. P. C., 24; *Bousanquet* v. *Anderson*, 6 Esp., 43.) In such case the transferee, without indorsement, obtains a mere equitable title, *i. e.*, the title of the payee. (*Hedges* v. *Seely*, 9 Barb., 214; Daniel Neg. Ins., 553, 554; *Bacon* v. *Burnham*, 37 N. Y., 614; *Central Park* v. *Hammett*, 59 id., 158; *Whistler* v. *Foster*, 14 C. B. [N. S.], 248; *Gibson* v. *Miller*, 25 Mich., 355; *Lancaster Bank* v. *Taylor*, 100 Mass., 18.) Assuming that the note in suit is not to be treated as payable to bearer, this action cannot be maintained on the ground that the note was made without restriction. (*Hall* v. *Newcomb*, 7 Hill, 416; *Bacon* v. *Burnham*, 37 N. Y., 618.) Defendants as second indorsers occupy the position of sureties for Combes, as first indorser. (*Bacon* v. *Burnham*, GROVER, J., 619, *supra*.) The payee of a note indorsed by a third person cannot recover against such indorser, and a party having no right upon a note himself can transfer none to another knowing all the facts. (*Herrick* v. *Carman*, 12 J. R., 159; S. C., 10 id., 224; *Tilman* v. *Wheeler*, 17 id., 328; *Moore* v. *Cross*, 19 N. Y., 227; *Bacon* v. *Burnham*, 37 id., 614.) Combes' right to use the note was coupled with the restriction that the note be indorsed by him so that defendants might, at maturity, take up the note and recover against Combes. (*Losee* v. *Bissell*, 78 Pa. St., 459; *Gilbert* v. *Finckbirner*, 68 id., 213; *Fegenbust* v. *Lang*, 28 id., 193.) The facts do not bring this case within the statute. (1 R. S., 768 [m. p.], § 5; 3 id. [5th ed.], 68, § 5). It was error to find that defendants are liable on the note without the indorse-

ment of Combes. (*Maniort* v. *Roberts*, 4 E. D. Smith, 83; 3 Kent, 78 [m. p.] ; *Collis* v. *Emmett*, 1 H. Black, 313; *Bennett* v. *Farrell*, 1 Camp., 130–180; *Maniort* v. *Roberts, supra ;* Peake's Add. Cases, 146; 1 Parsons on Bills, 32, 33, note ; *Minet* v. *Gibson*, 3 T. R., 481; S. C., 1 H. Black., 569; *Collis* v. *Emmett*, 12 id., 312; *Tuft's Case*, Leach Cro. Law, 206; *Hunter* v. *Blodgett*, 2 Yeates, 480; *Foster* v. *Shattuck*, 2 N. H., 446; *Plets* v. *Johnson*, 3 Hill, 112; *Farnsworth* v. *Drake*, Ind., 101; Reviser's Notes to 1 R. S., 768, § 5; *Smith* v. *Lusher*, 5 Cow., 688; *Hooper* v. *Williams*, 2 Exch., 13; *Brown* v. *De Winter*, 17 L. J. Chy., 270; S. C., 60 E. C. L. R.; *Gay* v. *Sander*, 6 C. B., 336; 2 Daniel's Neg. Instruments, § 130, note ; Story on Promissory Notes, § 16; *Maniort* v. *Roberts*, 4 E. D. Smith, 83; 2 Kent, 78 [m. p.] ; *Hunter* v. *Jeffrey*, Peake's Add. Cases, 146; *Collis* v. *Emmett*, 1 Black., 313; *Minet* v. *Gibson*, 3 T. R., 481; *Taltock* v. *Harris*, 3 id., 174; *Hunter* v. *Blodgett*, 2 Yeates, 480; *Foster* v. *Shattuck*, 2 N. H., 446; *Bennett* v. *Farrell*, 1 Camp., 130, 180; 1 Parsons on Bills, p. 32, and note.)

*John L. Lindsay*, for respondent. Notes made payable to the order of the maker, or to the order of a fictitious person, if negotiated by the maker, have the same effect, and are of the same validity as against the maker and all persons having knowledge of the facts, as if payable to bearer. (2 R. S. [6th ed.], 1160.) Under this act the holder is entitled to recover, notwithstanding he received the note with knowledge of the circumstances. (Edwards on Bills and Prom. Notes [2d ed., m. p.], 130; *Cent. Bank of Brooklyn* v. *Lang*, 1 Bosw., 205; *Stevens* v. *Strong*, 2 Sand. R., 138; *Plits* v. *Johnson*, 3 Hill, 112; see, also, *Willets* v. *Phœnix Bank*, 2 Duer R., 130; Story on Bills, § 56, and cases cited ; *Vin* v. *Lewis*, 3 Term R., 183; Chitty on Bills, 158, and note; *Minet* v. *Gibson*, 1 H. Black, 569; affirmed in the House of Lords ; *Bigelow* v. *Cotton*, 13 Gray, 309.) Assuming that the note in suit was not negotiable without the indorsement of Combes, the appellants may be

held liable as makers or guarantors. (*Griswold* v. *Slocum*, 10 Barb., 402; *Richards* v. *Warring*, 39 Barb., 42; 1 Keyes, 576; *Cromwell* v. *Hewitt*, 40 N. Y., 491; Edwards on Bills and Prom. Notes [2d ed.], 239, 290; *Erwin* v. *Smith*, 7 Pick. R., 291; *Aymar* v. *Sheldon*, 12 Wend., 443, and C. C.; *Matthews* v. *Bloxome*, 33 L. J. [Q. B.], 213; *Penny* v. *Innis*, 1 Cr. M. and R., 439; and see *Ashpitel* v. *Bryon*, 5 B. and S., 723; 32 L. J. [Q. B.], 91; 33 id., 328; *Dean* v. *Hall*, 17 Wend., 214; *Moore* v. *Cross*, 19 N. Y., 223.)

Earl, J. On the 24th day of April, 1876, John Combes made a note, of which the following is a copy :

"Ninety days after date. I promise to pay to the order of myself seven thousand dollars, at Irving National Bank, value received.          JOHN COMBES."

The note was indorsed by the defendants for the accommodation of Combs, and was discounted for him by the plaintiff without his indorsement. He became insolvent before the note fell due, and the defendants applied to the plaintiff for the renewal of the note, upon payment by them of $1,000 thereon. Thereupon they paid the plaintiff one thousand dollars and gave the note in suit for the balance. They now claim, in defense of this action, that at the time they gave this note, they did not know that Combes had not indorsed the prior note, and that they were not, therefore, liable thereon, and that they gave this note under mistake in that respect.

It might be sufficient to say here that there is no finding by the referee, nor request to find that the defendants did not know that Combes had not indorsed the prior note, or that they were under any mistake of fact when they gave this note ; and that there is no allegation in the answer that the defendants did not know, when they indorsed the prior note, that it was payable to the order of the maker.

But the plaintiff obtained a perfect title to the prior note, without the indorsement of Combes. It is provided in the Revised Statutes (1 R. S., 768) that " notes made payable

to the order of the maker thereof, or to the order of a fictitious person, shall, if negotiated by the maker, have the same effect, and be of the same validity, as against the maker and all persons having knowledge of the facts, as if payable to bearer."

It is admitted by defendant's counsel that the prior note must be treated as a note payable to bearer, if they had " knowledge of the facts" within the meaning of the statute ; and to that effect are the decisions : (*Plets* v. *Johnson*, 3 Hill, 112; *Cen. Bank of Brooklyn* v. *Lang*, 1 Bosw., 205.) Under this statute, of what facts must a party have knowledge, to make him liable as upon a note payable to bearer, after the note has been negotiated ? Simply that the note is payable to the order of the maker or of a fictitious person. If so payable, the name of the payee need not be indorsed thereon before negotiation. It must then be treated, without such indorsement, as a note payable to bearer. In this case, as before stated, there is no allegation in the answer that the defendants did not know, when they indorsed that note, that it was payable to the order of the maker ; and notwithstanding the imperfect denial of the defendant, Alley, as a witness, the referee might well have found that he did have such knowledge, and we may, therefore, assume that he did so find.

But, under the circumstances of this case, the defendants would not be permitted to deny such knowledge for the purpose of defeating the note. That it was payable to the order of the maker, was plainly written, and there could be no mistake about it. Any person reading it would see that it was so written. There was no fraud or deception practiced upon the defendants. Under such circumstances they can not be permitted to say, against a *bona fide* holder of the note, that they did not read or know the contents of the instrument signed by them.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.