### SCOTT et al. v. PARKER.

*(City Court of New York, General Term.* May 31, 1889.)

1. NEGOTIABLE INSTRUMENTS—PARTIES.

A note payable to "the order of the estate of B.," for money of the estate loaned by the executors without authority, is not an obligation to the executors in their representative capacity, but should be regarded as a note payable to bearer, under 2 Rev. St. N. Y. (6th Ed.) p. 1160, § 5, providing that a note payable to a fictitious person shall, if negotiated by the maker, be as valid against him and others having knowledge of the facts, as if payable to bearer.

2. SAME—ACTIONS ON.

Though the executors sue on such a note in their representative capacity, no objection thereto being made, the addition of the term "executors" is surplusage, and the objection that the declaration of one of them cannot bind his co-executor does not, therefore, apply.

3. SAME—ACCOMMODATION PAPER.

The note, being negotiable by delivery, will be presumed to have come into the hands of plaintiffs as holders for value, with all the indorsements thereon as at the time of trial, and the doctrine that the payee or indorser of a negotiable instrument who again acquires title thereto after its indorsement by subsequent owners cannot maintain an action against such subsequent indorsers has no application.

4. SAME.

There being evidence that an indorser of such a note, who alleges that he indorsed only for the accommodation of plaintiffs, acknowledged his liability, and promised to pay the note to plaintiffs, it is error to direct a verdict in his favor.

Appeal from trial term.

The action is against the defendant, Parker, as the indorser of a promissory note, in these words: "$1,000. New York, Jan'y 19, 1887. On demand, after date, we promise to pay to the order of estate of Wm. N. Beach, one thousand dollars at American Exchange National Bank, N. Y., value received, with interest until paid. THE IVANHOE PAPER Co. S. WEBBER PARKER, Treas. Indorsers: S. WEBBER PARKER. D. SCOTT." It was admitted on the trial that William N. Beach died February 13, 1883, leaving a will by which the plaintiffs were appointed executors, and that on March 12, 1883, the will was duly admitted to probate, and that the executors thereupon duly qualified. The making and indorsing of the note were admitted, and the protest of the note on November 21, 1887, and the certificate of the notary that service of notice of protest on the defendant, Parker, was made on the same day, were admitted in evidence. The plaintiffs produced the note, and offered it in evidence, and upon these proofs rested their case. A verdict was directed against the Ivanhoe Paper Company, the maker, from which no appeal has been taken, and the trial continued against Parker, the indorser. The main defense pleaded by Parker was that the note was indorsed by him for the accommodation of David Scott and Sophia V. Bloom, but no evidence was offered to prove this allegation, save inferences to be drawn from the following: The note is dated in January, and Parker swears it was not indorsed by him until August 5th, following. Mr. Shelp, the assistant treasurer of the paper company, testified that as such officer he received a $1,000 check on January 19th, but did not know where it came from, but he was allowed to testify that Mr. Scott had told him that the $1,000 came from the estate of William N. Beach. This evidence was objected to, on the ground that the declarations of one executor could not bind the estate, and on the further ground that Scott was a subsequent indorser, and the evidence proposed was a declaration to relieve himself from liability. The objection was overruled under exception, and a motion to strike out the evidence was denied under exception. Albert C. Hall, a witness produced by the plaintiffs, then testified that he had a conversation with the defendant, Parker, about November, 1887, and that Parker told him that the heirs would never lose a dollar by him; that he did not want the plaintiffs to press the thing; that as soon as he got around he would pay it, (the note.) The plaintiffs' counsel asked to go to

the jury on the evidence. The court denied the motion, and dismissed the complaint as to Parker, and the plaintiffs appeal. The case of *Moore* v. *Cross*, 19 N. Y. 227, referred to in the opinion, declares the doctrine that the payee or indorser of a negotiable instrument cannot recover of subsequent indorsers, if the note again comes into his hands, since the subsequent indorsers could recover of him on his prior indorsement, and there would thus be a circuity of actions.

Argued before McADAM, C. J., and NEHRBAS and HOLME, JJ.

*Arnoux, Ritch & Woodford,* for appellants. *Peter B. Vermilyea,* for respondent.

McADAM, C. J. The note sued upon was not an obligation made to the estate represented by the plaintiffs. The maker owed the estate nothing at the time the note was made. It was given to the executors for an advance of money made by them, and the action should have been brought in their names as individuals. This objection was not raised in the answer or in the court below, and the addition of the title of "executors," etc., to their names may therefore be regarded as surplusage. The note was in legal effect payable to bearer, under the provision of the statute which provides that "such notes, made payable to the order of the maker thereof, or to the order of a fictitious person, shall, if negotiated by the maker, have the same effect, and be of the same validity, as against the maker and all persons having knowledge of the facts, as if payable to bearer." 2 Rev. St. (6th Ed.) p. 1160, § 5; The estate of William N. Beach could neither speak, think, nor act. It consisted of certain inanimate and incorporeal things called "property," of which he died seised. The testator had no transaction with the defendants. They owed him nothing, and when he died they were not indebted to his estate. They could not become indebted to it after his death. They might become indebted, however, to its executors or trustees as its legal representatives. The estate could not lend money on notes or such like securities, and, if the executors did, they did so on their own account, and at their own risk. The note in suit must, in view of all the facts, be regarded as one payable to a "fictitious," for it is not payable to a "real," person. As was said in *Lyon* v. *Marshall,* 11 Barb. 248, "it certainly is not a promise to pay the testator, for he is described as deceased." It was not an agreement with the estate, for it could make no such contract. It was not a promise to the executors, because they are not named therein. The words "estate of Wm. N. Beach," as payee of the note, do not represent either an individual or a corporation, or any legal entity whatever. The defendant, Parker, drew the note, and signed it for the paper company, and indorsed it knowing these facts; so that as to the company, as well as to himself, it was under the statute a note payable to a fictitious person, and by force of the statute payable to bearer. This construction accords with the rule laid down in *Lyon* v. *Marshall, supra; Bowles* v. *Lambert,* 54 Ill. 239; and *Tittle* v. *Thomas,* 30 Miss. 122. The maker, by negotiating the note, transferred title to it without indorsement, (*Plets* v. *Johnson,* 3 Hill, 112; *Maniort* v. *Roberts,* 4 E. D. Smith, 83; *Willets* v. *Bank,* 2 Duer, 121; *Bank* v. *Lang,* 1 Bosw. 202;) and the note presumably came into the possession of the plaintiffs in the condition they presented it at the trial, with the names of all the indorsers on, and they were *prima facie,* at least, holders for value. The construction we have put upon the note, under the statute cited, frees the matter from the application of the doctrine laid down in *Moore* v. *Cross,* 19 N. Y. 227, and kindred cases, and leaves them entirely inapplicable to the issue involved. These views render it unnecessary to consider the admissibility of the declarations of Scott as a co-executor, and bring the contention down to the single question whether there was sufficient to go to the jury. The admission made by Parker to the witness Hall was one against his interest, and in

it he substantially acknowledged the debt, saying, as soon as he got around, he would pay it. The case ought to have gone to the jury, and the refusal to submit it was error. For these reasons, the judgment must be reversed, and a new trial ordered, with costs to abide the event.