JOSEPH LOWRIE, Defendant in Error, v. GODFRIED ZUNKEL, Plaintiff in Error

Kansas City Court of Appeals, April 4, 1892.

1. **Bills and Notes:** PAYABLE TO MAKER: LAW MERCHANT: STATUTE. By the law merchant a note payable to the order of the maker is a nullity till negotiated, but when negotiated by indorsement and delivery it becomes payable to the bearer; by section 735, Revised Statutes, 1889, such a note becomes payable to the bearer by delivery for value without indorsement.

2. **Definitions:** "NEGOTIATED." "Negotiated" in section 735, Revised Statutes, 1889, means more than indorsement only; it means delivery as well, or put upon the market.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

AFFIRMED.

*Jas. F. Pitt*, for plaintiff in error.

(1) Defendant's second instruction should have been given, because the paper was not negotiated in the sense of that term in section 735, Revised Statutes, 1889. A maker may issue his paper without indorsement. But to negotiate any commercial instrument payable "to order" it must be indorsed. *Rice v. McFarland*, 34 Mo. App. 410; *Patterson v. Cave*, 61 Mo. 441; *Osgood v. Artt*, 17 Cent. L. J. 190; *Miller v. Weeks*, 22 Pa. St. 89; *Wilder v. DeWolf*, 24 Ill. 191; *Nicoll v. Ogden*, 29 Ill. 823. (2) At common law a note to the maker's own order, or to the order of a fictitious person, was in disrepute, and this statute affords relief. See Daniels on Negotiable Instruments, secs. 130, 136. But it was not intended to affect the law of contracts,

or to make that a note which was not so before. *Muldrow v. Caldwell*, 7 Mo. 565.

*Charles L. Simmons*, for defendant in error.

But to say that notes subject to section 733 must be indorsed, while those subject to section 735 pass by delivery alone, is to make a harmonious and homogeneous whole out of the otherwise discordant and absurd statute. It has been held from time immemorial that bills of exchange payable to fictitious payees can be negotiated without indorsement, and are, in effect, the same as if payable to bearer. *Minet v. Gibson*, 3 Term. Rep. 482; *Phillips v. Imthurm*, 114 E. C. L. 692; *Collins v. Emmett*, 1 H. Bl. 313; Story on Bills, 56, 200; 3 Kent's Commentaries, 77, 78; *Farnsworth v. Drake*, 11 Ind. 103; *Bolles v. Stearnes*, 11 Cush. 320; *United States v. White*, 2 Hill (N. Y.) 154; *Plets v. Johnson*, 3 Hill, 112; *Foster v. Shattuck*, 2 N. H. 446; *Elliott v. Abbott*, 12 N. H. 549; *Blodgett v. Jackson*, 40 N. H. 21; *Forbes v. Espy*, 21 Oh. St. 483; *Kohn v. Watkins*, 26 Kan. 691; *Hortsman v. Henshaw*, 11 How. (U. S.) 177; *Lane v. Krekel*, 22 Iowa, 404; *Rogers v. Ware*, 2 Neb. 29; 1 Parsons on Bills & Notes, 32, 560, 591, 592, and notes; 2 Parsons on Bills & Notes, 48–50; Edwards on Bills, 125–130; Chitty on Bills, 158, and note; *Cowgill v. Bank*, 1 N. Y. 113; *Dana v. Underwood*, 19 Pick. 99, and many other cases.

ELLISON, J.—This action is on the following promissory note payable to the maker's order:

"$499.37.          KANSAS CITY, September 1, 1888.

"Ninety days after date, I promise to pay to the order of myself $499.37, at ——, value received, with interest at —— per cent. per annum until paid.

"[Signed]                              G. ZUNKEL."

And on the back thereof was indorsed: "J. W. McAllister." It was transferred by delivery to one Benjamin. The plaintiff's testimony tended to show that he was an innocent purchaser for value, and the trial court rendered judgment in his favor. Defendant's position is that as he was the maker of the note, payable to himself, it did not become an operative negotiable promissory note, for the reason that it was not indorsed by him. It is provided by statute that "Every promissory note for the payment of money to the payee therein named, or order or bearer, and expressed to be for value received, shall be due and payable as therein expressed, and shall have the same effect and be negotiable in like manner as inland bills of exchange." R. S. 1889, sec. 733. It is further provided in section 735: "Such negotiable promissory notes, made payable to the order of the maker thereof, or to the order of a fictitious person shall, if negotiated by the maker, have the same effect and be of the same validity as against the maker, and all persons having knowledge of the fact as if payable to the bearer."

Leaving out of consideration the foregoing statute a note made payable to the maker, or the maker's order, is a nullity until negotiated to a *bona fide* holder. And such negotiation must be by the maker's indorsement. *Smalley v. Wright,* 44 Me. 442; *Dubois v. Mason,* 127 Mass. 37; Tiedeman on Commercial Paper, sec. 20, and note; 1 Randolph on Commercial Paper sec. 153. And when negotiated by indorsement and delivery, such paper became as a note payable to bearer. 1 Daniels on Negotiable Instruments, sec. 130.

The question comes then to a construction of the statutes quoted above. The defendant contends that the word "negotiated," in section 735, means indorsed with the maker's name; while the plaintiff's contention is that an issuing by delivery for circulation, or for a

consideration, is a negotiation, in the sense of the statute. If the defendant's contention is correct, then it must be apparent that the statute was. a useless enactment; for, as above shown, the indorsement of such a note by the maker made it thence on negotiable paper payable to bearer. If indorsed by the maker, it became a note payable to bearer without the aid of a statute. So, to allow the statute any effective force, we ought to hold that the word "negotiated," as thus used does not require an indorsement. The word "negotiable," as used in section 733, when applied to a note payable to order, means, of course, to appoint or order its payment; and that the *manner* of this order or appointment shall be like that of inland bills of exchange, that is, by indorsement. But there is no authority for saying that the word "negotiated," used in section 735, means indorsement only; it means delivery as well. Anderson's Dictionary of Law; Rapalje's Law Dictionary. And when applied to a note made payable to the maker's own order, it necessarily means something else than indorsement, as a man cannot very well order himself to pay to himself. The statutory sense of the word is fully met if the note be delivered by the maker for a consideration, or be put upon the market by him, in any case where, if it had been actually indorsed, it would have had the character of negotiability. *Central Bank v. Lange*, 1 Bosw. 202.

There is very little assistance to be had in the solution of this case by an examination of authorities in jurisdiction which have not a statute corresponding to our section 735. The state of New York has a statute of which ours is, apparently, a reproduction, and we find the views we have expressed supported by the courts of that state, where it is said that: "The statute was made for the purpose of obviating a difficulty in the way of the holder in making title and suing on

a note which had not been indorsed by the person to whose order it was made payable. It applies to cases where the maker, who is also payee, negotiates the note *without indorsement.*" *Plets v. Johnson,* 3 Hill, 112. To the same effect are the cases of *Irving Nat. Bank v. Alley,* 79 N. Y. 536, and *Central Bank v. Lange, supra.*

The circuit court having, in our opinion, given a correct interpretation to the statutes herein referred to we affirm the judgment. All concur.