SECURITY BANK OF FARIBAULT v. ROBERT E. LUCAS and Another.[1]

June 21, 1897.

Nos. 10,562—(175).

**Note Payable to Maker's Order—Failure to Indorse.**

> G. S. 1894, § 2236, construed, and *held*, that a promissory note payable to the order of the maker is, when negotiated by him, without indorsement, the legal equivalent of a note payable to bearer.

Appeal by defendant Isaac Waite from a judgment of the district court for Rice county, entered pursuant to findings by Buckham, J. Affirmed.

*Anson L. Keyes*, for appellant.

At common law a note payable to the order of the maker is a nullity, until indorsed by the maker. 1 Daniel, Neg. Inst. § 130; Bank v. Wofford, 71 Miss. 711; Little v. Rogers, 1 Metc. (Mass.) 108; Moses v. Lawrence, 149 U. S. 298; Smalley v. Wight, 44 Me. 442; Hooper v. Williams, 2 Exch. 13. G. S. 1894, § 2236, does not have the effect of dispensing with the maker's indorsement. See First National v. Payne, 111 Mo. 291; Bank v. Sherer, 108 Cal. 513.

*A. D. Keyes*, for respondent.

G. S. 1894, § 2236, is a literal transcript of the statute of New York in reference to the same matter. This statute places promissory notes made payable to the order of the maker on precisely the same basis as promissory notes made payable to the order of a fictitious person, and no indorsement is required. Plets v. Johnson, 3 Hill, 112; Central v. Lang, 1 Bosw. 202; Stevens v. Strang, 2 Sandf. 138; Irving v. Alley, 79 N. Y. 536; Shipman v. Bank, 126 N. Y. 318. See, also, Muhling v. Sattler, 3 Metc. (Mass.) 285; Jenkins v. Bass, 88 Ky. 397.

START, C. J.

On January 9, 1895, the defendants made their promissory note in these words:

[1] Reported in 71 N. W. 822.

"$250.00.                    Faribault, Minn., 1—9th, 1895.

"Six months after date, we promise to pay to the order of our-selves two hundred and fifty dollars at the Security Bank of Faribault, with interest at the rate of 10 per cent. per annum from date until paid.    Value received.

"Robt. E. Lucas.
"Isaac Waite."

The defendant Waite so executed the note at the request and for the accommodation of the defendant Lucas, and delivered it to him, with the intention and for the purpose of enabling him to raise the money thereon.   Thereafter, and on January 10, 1895, Lucas sold and delivered the note to the plaintiff, for the sum of $245. The plaintiff was a bona fide purchaser of the note, in the usual course of its business, without any notice of any defects therein or defenses thereto by either of the makers.   When the plaintiff so purchased the note, the name of each maker was written on the back thereof, and the plaintiff had no knowledge that the name of Waite was not written thereon by himself.   His defense to this action on the note was that he never indorsed the note.    The trial court held that it was immaterial whether or not the note was indorsed by the makers when it was negotiated, as it was then in legal effect, as to a bona fide purchaser, a note payable to bearer, and ordered judgment for the plaintiff, without finding, as a fact, that Waite indorsed the note.    The defendant Waite appeals from the judgment.

The decision of the trial court was based upon the provisions of section 2236, G. S. 1894, which provides:

"Promissory notes made payable to the order of the maker thereof, or to the order of a fictitious person, shall, if negotiated by the maker, have the same effect and be of the same validity, as against the maker and all persons having knowledge of the facts, as if payable to bearer."

This statute places a note payable to the order of the maker and one payable to the order of a fictitious person in the same class.   If the latter is in legal effect, when negotiated, a note payable to bearer, the former certainly is.   That it was the intention of the statute to make a note payable to a fictitious person, when negotiated by the maker, the legal equivalent of a note payable to bearer,

is obvious, for it recognizes the validity of such a note. There can be read into the statute no implied condition that the note must be indorsed by the payee in order to negotiate it, for that would be an impossible condition. A note payable to the order of a fictitious person is negotiable, without indorsement, as if payable to bearer. Therefore, by virtue of the statute, a note payable to the order of the maker is negotiable by him, without indorsement, as if payable to bearer, as against the maker and all persons having knowledge of the facts. True, there is a clear distinction between a note payable to the order of the maker, which it is perfectly feasible for him to indorse, and one payable to the order of a fictitious person, rendering its indorsement by the payee impossible; but the statute has placed both in the same category. It applies equally to each, and it places them on the same footing.

The original of this statute in this state is R. S. 1851, c. 34, § 4, which is a copy of the New York statute [2] on the same subject. The courts of the latter state have uniformly construed the statute as making a note payable to the order of the maker, when negotiated by him, of the same legal effect as a note payable to bearer. Plets v. Johnson, 3 Hill, 112; Irving v. Alley, 79 N. Y. 536.

Now, in the case at bar the defendant Waite authorized Lucas to negotiate this note. That was the very purpose for which he made and delivered the note to Lucas; and, when the latter negotiated it, it was, as to the plaintiff, the act of both of the makers, and the note must be given the same effect against both makers as if payable to bearer, although it was not indorsed by Waite.

Judgment affirmed.

[2] 2 R. S. (1846), pt. 2, c. 4, tit. 2, § 5 (p. 53).