JOHN O'DAY et al., Appellants, v. E. L. SANFORD et al., Respondents.

Springfield Court of Appeals, November 2, 1909.

1. BILLS AND NOTES: Right of Payee Who is Also One of the Makers to Sue the Other Makers. A payee, who is also one of the makers of a note can maintain an action on it against his comakers. [Following Willis v. Barron, 143 Mo. 450.]

2. ————: Rights of Distributees of Estate of Deceased Payee in a Suit on Note. The distributees of an estate of a deceased payee of a note, the payee also being one of the makers, in a suit brought by them on the note, stand in the same position as the payee would occupy, if alive, to sue on the note in his own name.

3. PLEADING: Motion for Judgment and Demurrer Distinguished. A motion for judgment on the pleadings partakes of the nature of a demurrer in that it admits all facts that are well pleaded, but if sustained, judgment goes at once, and in this it differs from a demurrer. If the demurrer is sustained, the order is not a final judgment, the party has a right to plead over. The motion, like the demurrer raises an issue of law only.

4. COURT OF APPEALS: Duty to Follow Supreme Court Decision. In passing upon a question of law, it is the first duty of the Court of Appeals to examine the decisions of the Supreme Court of this State and ascertain if that court has decided the question, in a case where it was one of the issues, and if it has, to follow its decision.

Appeal from the Greene Circuit Court.—*Hon. James T. Neville,* Judge.

REVERSED AND REMANDED.

*W. D. Tatlow* for appellants.

(1) The obligation, although in form a joint one, under the express provisions of the statutes of this State is several as well as joint. The statute provides: "All contracts which, by the common law, are joint only, shall be construed to be joint and several." Sec. 889, R. S. 1899. (2) It has been squarely held by the Supreme Court of this State that the plaintiffs, as legatees of John O'Day, deceased, could maintain this action on this obligation. Willis v. Barron, 143 Mo. 450; Faulkner v. Faulkner, 73 Mo. 327. (3) The plaintiffs acquired the note by assignment and transfer from the executors of John O'Day, deceased, as part of their distributive share of the estate. That they take by purchase and not by descent is elementary. It has been expressly held in this State that in order for there to be an assignment or transfer of an obligation, payable, as in this case, to one of the signers thereof, it was not necessary that the holder of the note by assignment or transfer should be a purchaser thereof for value, in the usual course, before maturity, and without notice of any equities, but that one who purchased after maturity, and who therefore took it subject to any equities, could maintain such action, as the legal effect of such transfer was to vest title to the note in him, subject to such equities as were connected with the note itself, and not such as grew out of an independent and distinct transaction between the original parties. Knaus v. Givens, 110 Mo. 1. c. 66; Caldwell v. Dismukes, 111 Mo. App. 570. (4) The case of Willis v. Barron is the last previous ruling of the Supreme Court on the question of law involved in this case, and is controlling authority in this court, under section 6 of the amendment providing for Courts of Appeal. R. S. 1899, pages 93 and 94.

O'Day v. Sanford.

*J. T. White* for respondents.

(1)   A note payable to the order of the maker is an incomplete instrument until negotiated by the payee who is also the maker.   Other parties who have signed the note in any capacity are not bound by it until it is made a complete instrument.   1 Daniel on Negotiable Instruments (4 Ed.), sec. 130; Smalley v. Wright, 69 Am. Dec. 112, 44 Me. 442; O'Dell v. Clyde, 57 N. Y. Sup. 126; R. S. 1899, sec. 459; 4 Eng. and Am. Ency. Law, p. 120 and notes; Muhling v. Sattler, 77 Am. Dec. 172 (Mass.); Chicago Trust Co. v. Nordgren, 42 N. E. (Ill.) 148; Ewan v. Brooks Waterfield Co., 35 L. R. A. 786. (2)   The note being incomplete, parties who sign it as comakers or indorsers are not bound by it until it is negotiated.   Young v. Chew, 9 Mo. App. 387; First National Bank v. Payne, 111 Mo. l. c. 300; Pitcher v. Barrows, 28 Am. Dec. 306; Glenn v. Sims, 42 Am. Dec. 405; Lowry v. Zunkel, 49 Mo. App. 153; Knaus v. Givens, 110 Mo. l. c. 66.   (3)   The statutes of this State, copied literally from the New York statute on this subject, settles the proposition laid down under point 1.   R. S. 1899, sec. 459; O'Dell v. Clyde, 57 N. Y. Sup. 126.   (4)   In order that the note may be negotiated as required by the section of the statute cited above, it must be indorsed and delivered by the payee.   Distributing by the executor of the payee is not a negotiation within the meaning of the statute.   Lowry v. Zunkel, 49 Mo. App. 153; O'Dell v. Clyde, 57 N. Y. Sup. 126; Glenn v. Sims, 42 Am. Dec. 405; 29 Cyc., p. 661.

GRAY, J.—On August 27, 1908, the appellants filed in the circuit court of Greene county, Missouri, the following petition:

"Plaintiffs state that for value received the defendants executed and delivered to John O'Day the following note and obligation, to-wit:   Springfield, Mo., Dec. 30, 1898.   Three months after date we promise to pay to the

order of John O'Day at Exchange Bank of Springfield, Mo., five hundred dollars. For value received, without defalcation or discount, with eight per cent interest after due until paid. For newspaper mail. John O'Day, E. L. Sanford, H. S. Jewell.

"Plaintiffs further state that on or about the ——— day of August, 1901, the said John O'Day, the ancestor of the plaintiffs, departed this life testate and appointed by his last will and testament E. W. Bannister and Sue I. B. O'Day, the executors thereof, who, after his said will was duly probated in the probate court of this county, duly qualified as said executors.

"Plaintiffs further state that afterwards and under the terms of said will and the orders of said court the said note was duly assigned and transferred to these plaintiffs by said executors as a part of their distributive share of the said estate of John O'Day, deceased.

"Wherefore plaintiffs pray judgment against defendants on said note for five hundred dollars with interest from maturity at eight per cent per annum, and for cost of suit and for such other relief as the plaintiffs may be entitled to thereon."

In proper time the respondents answered admitting the signing of the note and alleging that the payee in said note, John O'Day, ancestor of the plaintiffs, signed said note as maker and as principal therein, and the respondents signed as sureties for him and that O'Day retained said note in his possession until his death, and did not at any time negotiate or transfer the same to any person. The answer further alleged that no consideration was received by the respondents for signing said note.

Appellants replied denying the allegations of the answer, except, it was admitted that John O'Day, the payee, was also one of the signers, and expressly denied that respondents signed said note for the accommodation of O'Day, and alleged said note was signed by all the signers thereof in furtherance of a joint enterprise

in which they were all interested, and that said O'Day did not receive anything from such joint enterprise, which was the purchase of a newspaper afterwards turned over to defendant, Jewell, and whatever, if anything was received from the sale of such paper was received by the defendant Jewell.

After the filing of this reply the respondents filed a motion for judgment on the pleadings, which was sustained and judgment entered.

A motion for judgment on the pleadings partakes of the nature of a demurrer, in that, it admits all facts that are well pleaded, but if sustained, judgment goes at once, and in this it differs from a demurrer. If the demurrer as sustained, the order is not a final judgment, the party has a right to plead over. [Sternberg v. Levy, 159 Mo. 617.] The motion, like the demurrer, raises an issue of law only. [State ex rel. v. Simmons Hardware Co., 109 Mo. 118] The motion for judgment is based upon the fact that John O'Day, the payee in the note, was also one of the makers thereof, and it is claimed that an action at law cannot be maintained on a note by the payee, if he is one of the makers, and this is the only question to be decided, as, from our view, the appellants stand in the same position that John O'Day would occupy, if alive, and suing on the note in his own name.

In passing upon a question of law, it is the first duty of this court to examine the decisions of the Supreme Court of this State and ascertain if that court has decided the question, and if it has, to follow its decision. Of course this means that the question decided by the Supreme Court was one of the issues to be decided in the case. We believe that this question was before the Supreme Court in Willis v. Barron, 143 Mo. 450. In that case the executrix of R. T. Willis, deceased, brought an action to recover one-half of the amount of two notes executed by the firm of Willis and Barron, composed of R. T. Willis and P. J. Barron, to R. T. Willis, in his life-

time.   The plaintiff recovered judgment in the circuit
court, from which defendant appealed to the Kansas
City Court of Appeals, and that court, upon a division
of opinion, certified the cause to the Supreme Court.
Judge GANTT states the point before the court as fol-
lows:   "Appellant insists upon two propositions to
reverse the judgment; first, that an action at law cannot
be maintained by one partner upon a promissory note
executed to him individually by the partnership of
which he is a member."   The authorities are reviewed
at length and the conclusion is reached that the action
was properly brought and could be maintained.

It will not be necessary to review the authorities
cited by Judge GANTT or to review his opinion, but sim-
ply to state that upon that authority, we decide the
question against the respondents.

The respondents have called our attention to the
following cases from this State:   Young v. Chew, 9 Mo.
App. 387; Knaus v. Givens, 110 Mo. 58; First National
Bank v. Payne, 111 Mo. 291; Lowry v. Zunkel, 49 Mo.
App. 153.

In Young v. Chew the action was by an indorsee
against the makers of a note given by a firm to one of
its members, and while the court said in that case:   "It
is not questioned that the payee himself could not have
maintained a suit at law on account of the insuperable
objection that he would have been both plaintiff and
defendant in the same action," it was not necessary for
the court to decide that question, and it was therefore
dictum.   In Knaus v. Givens, the Supreme Court cites
the case of Young v. Chew, and says of it the following:
"The case asserts the correct doctrine, that, notwith-
standing no action at law can be maintained on nego-
tiable promissory note, executed by a firm to one of its
members, yet it is well settled that this incapacity to sue
does not attend the indorsee of such paper."   But that
case, like the Young case, was an action by the indorsee.
In Bank v. Payne, a suit was brought upon the indorse-

ment of the defendants of a note given by Robert H. Payne to himself, and he was one of the indorsers. Payne endorsed the note. to the bank and the action was brought in the name of the bank, and the only point really in the case was whether the bank as indorsee could maintain an action on the note, and the court held that it could. And the same may be said of the case of Lowry v. Zunkel. In that case one Zunkel made a note payable to himself. and endorsed it, and the suit was brought by the indorsee.

If the cases cited by respondents were all of the Missouri authorities on the question, we would affirm. the judgment, but the case of Willis v. Barron above cited, is the last decision of the Supreme Court "upon the question." In that case the identical issue was presented that is presented here; while in the cases cited by respondents, the question presented here was not an issue, and it was not necessary for the. court to decide the same.

Taking this view of the cause, the judgment will be reversed and the cause remanded with directions to the trial court to try the case on its merits. All concur.