the child by his will, but that provision is revocable at his pleasure, and I should be inclined to attach more importance to his intentions for the future if he had shown some disposition to confer financial advantage upon the child in the past. There is nothing in the testimony to show that the child will be better cared for in another household than in the father's own. The fact that the child has been heretofore living under the care of his sister-in-law was due to the separation of the relator and his wife under conditions which it is unnecessary now to recite. Where the surviving parent is a man of unimpeached character, attached to his child, and able and willing to provide a home for her, amid proper surroundings and with proper opportunities for her training and education, I can see no reason for depriving him of such custody because another relative happens to be in more affluent circumstances than he. A child should not be encouraged in expecting to be brought up amid more luxurious surroundings than those to which the means of her father entitle her; and it would be, in my opinion, no act of kindness to her, nor would it insure her a happier future, to remove her from the parental control to that of another, whose claim is based on superior financial means.

I am therefore in favor of modifying the order appealed from, so that, while the child shall remain in the custody of the father, there shall be no privilege given to the grandfather or his daughter to take the child to their home once a month for six days, or for any other time, but they shall have the right to visit said child at her father's home for four hours on the last Saturday of each month.

LAUGHLIN, J., concurs.

---

(156 App. Div. 318.)

## YONKERS NAT. BANK v. MITCHELL.

(Supreme Court, Appellate Division, Second Department. April 11, 1913.)

BILLS AND NOTES (§ 234*)—INDORSEMENT—LIABILITY OF INDORSER.

    Where defendant signed a note payable to the maker's order before the maker had indorsed or negotiated it, he cannot escape liability as an indorser under Laws 1909, c. 43 (Consol. Laws 1909, c. 38) § 320, providing that where a note is drawn to the maker's own order it is not complete until indorsed by him, in view of sections 33, 35, 113, 114, and 116, respectively, providing that blanks in a negotiable instrument may be filled, that delivery will be presumed, that a person signing a negotiable instrument other than as maker shall be bound as an indorser unless a contrary intention appears, that a person placing his signature in blank before delivery is liable as an indorser, and that every indorser warrants that the instrument, at the time of his indorsement, is valid and subsisting.

    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 560; Dec. Dig. § 234.*]

Appeal from Trial Term, Westchester County.

Action by the Yonkers National Bank against Edward J. Mitchell. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BURR, THOMAS, CARR, RICH, and STAPLETON, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John J. Finn, of Yonkers, for appellant.
Thomas M. Smith, of Yonkers, for respondent.

STAPLETON, J.. The defendant, Edward J. Mitchell, appeals from a judgment recovered against him in an action brought to recover the amount due and unpaid on an instrument which reads as follows:

"$4,000.                                        Yonkers, N. Y., Feby. 7, 1912.

"Three months after date, I promise to pay to the order of myself four thousand 00/100 dollars at the Yonkers National Bank.  Value received, with interest.

"No. 1920.  Due May 7, 1912.                        Wm. J. Shaw."

Upon the back of the note were the following indorsements in the following order:

"Thomas Mitchell.
"Edward J. Mitchell.
"Wm. J. Shaw."

The defendant, Edward J. Mitchell, admitted the establishment of the facts essential to recovery, except that he was an indorser of this note.  He based his contention that he was not an indorser upon the circumstance that, when he signed his name on the back of the note, the maker, who was also the payee, had not indorsed it.  He contends that section 320 of chapter 43, Laws of 1909 (Consol. Laws 1909, c. 38), introduced into the law of negotiable instruments a new feature, by which a person who places his name on the back of an instrument in the form of the one in suit, before the maker payee, may escape liability as an indorser.  Section 320 of chapter 43, Laws of 1909, reads as follows:

"Promissory Note Defined.—A negotiable promissory note within the meaning of this chapter is an unconditional promise in writing made by one person to another signed by the maker engaging to pay on demand or at a fixed or determinable future time, a sum certain in money to order or to bearer.  Where a note is drawn to the maker's own order, it is not complete until indorsed by him."

The suggestion of the defendant is novel and interesting, but does not survive a consideration of the principles of the law governing the liabilities of an indorser.  The section relied upon is simply declaratory of the common law.  Plets v. Johnson, 3 Hill, 112;  see Irving National Bank v. Alley, 79 N. Y. 536.  The nature of the obligation assumed by a person indorsing as did the defendant is succinctly stated by Mr. Daniel:

"Where a note is payable to the maker's own order, it can have no validity until it is indorsed by him, and in such a case the party signing his name on the note while it is unindorsed by the payee is presumed to contemplate that the payee is to sign before him, and that when the note takes effect he will himself appear as second indorser."  Daniel on Negotiable Instruments (4th Ed.) § 716.

See, also, sections 33, 35, 113, 114, 116, chapter 43, Laws of 1909; Haddock, Blanchard & Co. v. Haddock, 192 N. Y. 499, 85 N. E. 682, 19 L. R. A. (N. S.) 136.

Judgment affirmed, with costs.  All concur.