[No. 3081.  Nov. 9, 1927.]

MAYER v. LANE et al.

[262 Pac. 180.]

E. R. Wright, of Santa Fe, and Geo. B. Barber, of Carrizozo, for appellant.

A. H. Hudspeth, of Carrizozo, for appellees.

## OPINION OF THE COURT

BICKLEY, J. Plaintiff (appellant) sued defendants (appellees) on a promissory note, signed by "Wildcat Leasing Company, by F. L. Jackson, Manager," alleging that the defendants were a mining partnership under the firm name of the Wildcat Leasing Company. The defendant Jackson answered, denying that the partnership was composed of the defendants only, but that the plaintiff was also a member of said partnership, admitting the execution of the note and that the defendant Jackson was personally liable on the note, and by way of counterclaim set up a promissory note in the principal sum of $630, signed "Wildcat Leasing Company, by D. L. Jackson, Secretary Treasurer, and Manager, Allen A. Lane, Paul Mayer," alleging that the note had not been paid, and praying judgment thereon. Defendant Lane filed a similar answer absent the counterclaim. To the answer of the defendant Jackson, plaintiff replied, denying its allegations by way of new matter, and alleging that the counterclaim was barred by the statute of limitations. The reply also alleged some special defenses to the counterclaim, which are not involved in this appeal. A general denial was also filed to the separate answer of the defendant Lane. The case was tried to the court without a jury.

The court made certain findings of fact, and refused certain findings requested by the plaintiff, and held that the plaintiff was entitled to recover from the defendant Jackson on the note set out in the complaint, and that the defendant Jackson was entitled to counterclaim on account of the note set forth in the answer and counterclaim, to the extent of the amount due plaintiff upon his cause of action; and that, by reason of the fact that the note involved in the counterclaim was barred by the statute of limitations, no affirmative judgment for the excess of the

counterclaim over the demand of the plaintiff could be rendered in favor of the defendant Jackson.

The court made the following findings of fact:

"That for several years prior to December, 1917, one Edward L. Queen and the defendants Allen A. Lane and D. L. Jackson were tenants in common, each owning an undivided one-third interest in the North and South Homestake mines and millsites, situate in the White Oaks mining district, Lincoln county, N. M., and that the said parties operated said properties during said period as mining partners, the mining partnership being known as Wildcat Leasing Company. That on or about the 17th day of December, 1917, the plaintiff, Paul Mayer, purchased the undivided one-third interest of the said Edward L. Queen in said Homestake mines and millsites, and also the interest of the said Edward L. Queen in the mining partnership known as the Wildcat Leasing Company, and became a member of said partnership at the time of said purchase, and said mining partnership known as the Wildcat Leasing Company, from and after that date, was composed of the said plaintiff, Paul Mayer, and the defendants D. L. Jackson and Allen A. Lane, to and until the spring of 1920, when the plaintiff posted statutory notices on the mining properties, to prevent laborer's and materialmen's liens being imposed on his undivided interest in said properties."

The appellant bases his claim for reversal upon one contention, which summarizes his assignments of error as follows:

"The trial court having found as a fact that the plaintiff and defendants were copartners in a mining partnership at the time of the making of the notes in question, it was the duty of the court to have dismissed both the complaint and the counterclaim."

It is the argument of appellant that a partner could not sue at law his partner or partners, and that as a consequence, when the court made its finding of fact heretofore quoted, the court lost jurisdiction except to dismiss the cause, and that the only proper course was to dismiss the complaint and also the counterclaim. We think that appellant is mistaken. It is true that, at common law, partnership contracts were construed to be joint only, not joint and several. As a consequence of this rule, in actions by or against partners, it was necessary that all the partners should join as plaintiffs, or be joined as defendants. A further consequence of this doctrine was that a partner could not sue a firm of which he was a member on a note executed by the firm to himself. But we are confronted

with sections 4077 and 4078 of the 1915 Code, which are as follows:

"Sec. 4077.—Suits may be brought by or against a partnership as such, or against all or either of the individual members thereof; and a judgment against the firm as such may be enforced against the partnership's property, or that of such members as have appeared or been served with summons; but a new action may be brought against the other members in the original cause of action. When the action is against the partnership as such, service of summons on one of the members, personally, shall be sufficient service on the firm.

"Sec. 4078.—All contracts, which by the common law are joint only, shall be held and construed to be joint and several; and in all cases of joint obligations or assumptions by partners and others, suit may be brought and prosecuted against any one or more of the parties liable thereon, and when more than one person is joined as defendant in any such suit, such suit may be prosecuted, and judgment rendered against any one or more of such defendants."

Section 4078 is substantially the same as sections 2384 and 2387 of the Rev. Stat. Mo. 1889, which had been carried forward from earlier statutes. It is not unlikely that these of our statutes, like many others, were patterned after those of Missouri. In the case of Willis v. Barron, 143 Mo. 450, 45 S. W. 289, 65 Am. St. Rep. 673, the Missouri statutes above referred to were construed, and it was held that they modified the common-law rule, and that one partner may sue another at law on a promissory note, executed by the partnership to him, where there is a statute providing that all contracts, which by the common law are joint, shall be construed as joint and several, and that in all cases of joint obligations of copartners and others, suits may be prosecuted against any one or more of them who are liable. The argument of presiding Judge Gantt in that case is very interesting and convincing. The doctrine was reaffirmed in O'Day v. Sanford, 138 Mo. App. 343, 122 S. W. 3, and we do not find that it has ever been criticized. So, it would seem that the court had jurisdiction to entertain the plaintiff's suit and, for stronger reasons, jurisdiction to entertain the defendant Jackson's counterclaim, which was founded upon the written obligation of one partner to another partner. In such case the rule is thus stated in case note to Martin v. McBryde, 21 A. L. R. 12, under the heading, "Actions at Law be

tween Partners and Partnerships," subhead, "Actions on Promissory Notes":

"If one partner give the other his promissory note or his separate acceptance on partnership account, an action at law will lie on such note or bill, since such an instrument itself constitutes an acknowledgment of a separate debt."

The judgment should therefore be affirmed, and it is so ordered.

PARKER, C. J., and WATSON, J., concur.